**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Arizona Medical Billing Incorporated,

    Plaintiff,

vs.

FSIX LLC, et al.,

    Defendants.

No. CV-17-04742-PHX-SPL

**ORDER**

  Before the Court is Defendants FSIX LLC, Cindy Funk, Todd Funk, Glenn Welstad and Donna Welstad's (together, the "Defendants") motion to dismiss (the "Motion"). (Doc. 31) The Motion was fully briefed on July 1, 2018. (Docs. 36, 38, 40) For the reasons that follow, the Motion will be granted.

**I. Background**

  On April 4, 2016, Laurie Fuller initiated a lawsuit against Defendants FSIX LLC, Cindy Funk, Todd Funk, and Glenn Welstad (16-CV-00928-PHX-MHB) (the "Fuller Litigation"). The lawsuit alleged that the Defendants violated the Federal False Claims Act and Medicare's mileage reimbursement policies, among other causes of action. (Doc. 31 at 4)

  On April 18, 2016, Plaintiff Arizona Medical Billing Incorporated ("AMB") initiated a lawsuit against the Defendants (16-CV-01080-PHX-ROS) (the "AMB Litigation"). (Doc. 31 at 2) The lawsuit alleged that the Defendants violated the Federal False Claims Act and Medicare's mileage reimbursement policies. (Doc. 31 at 2) The

Defendants filed a motion to dismiss the AMB Litigation, alleging that the case violated the "first-to-file" rule, which states that a *qui tam* action must be dismissed if its claims mirror those alleged in an earlier-filed action. 31 U.S.C.A. § 3730(b)(5); (16-CV-01080-PHX-ROS, Doc. 21). AMB stipulated to the Defendants' motion to dismiss, and the case was voluntarily dismissed on October 6, 2017. (Doc. 31 at 3) The dismissal order from Judge Roslyn O. Silver stated: "Defendants filed a motion to dismiss and, in response, Plaintiff and qui tam Relator conceded this case should be dismissed. That concession will be interpreted as a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a). Therefore, the case will be dismissed and the motion to dismiss will be denied as moot." (16-CV-01080-PHX-ROS, Doc. 25). The case was dismissed without prejudice.

On September 12, 2017, the Defendants filed a motion to dismiss the Fuller Litigation. (16-CV-00928-PHX-MHB, Doc. 36). On October 13, 2017, Fuller filed a notice of voluntary dismissal of her Federal False Claims Act causes of action against the Defendants. (16-CV-00928-PHX-MHB, Doc. 46). The Court granted Fuller's notice of voluntary dismissal and dismissed the claims without prejudice on October 17, 2017. (16-CV-00928-PHX-MHB, Doc. 47).

On December 22, 2017, AMB initiated this lawsuit with a complaint that was identical to the one filed in the prior AMB Litigation. (Doc. 1)

## II. Two-Dismissal Rule

The Court must first address the Defendants' argument that this case should be dismissed because a common plaintiff, the United States of America, has filed two prior lawsuits, the Fuller Litigation and the AMB Litigation, against the Defendants alleging identical claims. Under Rule 41(a)(1), an action may voluntarily be dismissed by the plaintiff without court order by filing a notice of dismissal before the defendant has answered or moved for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared. Such a voluntary dismissal is presumed to be "without prejudice" unless it states otherwise, but a voluntary dismissal of a second action operates as a dismissal on the merits if the plaintiff has previously dismissed an action involving the

same claims. *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir. 1999).

The issue before the Court is whether the two-dismissal rule is implicated where the same claims are brought against the same defendants by two related plaintiffs in two separate litigations. The AMB Litigation was dismissed without prejudice by Court order. AMB did not file a notice of voluntary dismissal as set forth in Rule 41(a)(1). Instead, AMB stipulated to the dismissal of the case upon the Defendants' filing of a motion to dismiss. (Doc. 31 at 3) The Fuller Litigation was voluntarily dismissed by the plaintiff filing a notice of voluntary dismissal with the Court. The Defendants argue that (i) both dismissals together implicate the two-dismissal rule because the Government was a common plaintiff in both cases; and (ii) the notice of dismissal filed in the Fuller Litigation acts as an adjudication on the merits because the case involved identical claims. The Defendants also argue that the Government played an active role in each prior case brought by Fuller and AMB because neither of the cases could have been voluntarily dismissed without the written consent of the Government. (Doc. 31 at 7)

The Court finds that the two-dismissal rule is applicable in this case. It is undisputed that a common plaintiff, the United States of America, was the primary plaintiff in both the AMB Litigation and the Fuller Litigation, and that both lawsuits alleged identical claims. It is well settled that when realtors bring qui tam actions, they do so on behalf of the Government. *Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1126 (9th Cir. 2007) (stating that "the [Federal False Claims Act] makes clear that . . . the underlying claim of fraud always belongs to the government"); *In re Schimmels*, 127 F.3d 875, 882 (9th Cir. 1997) (stating that the "United States is the real party in interest in any False Claims Act suit, even when it permits a qui tam relator to pursue the action on its behalf"). Most notably, it is undisputed that neither of these cases could have been voluntarily dismissed without the explicit consent of the Government as the primary plaintiff. 31 U.S.C. § 3730 (stating that "the action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting").

It is also undisputed that the AMB Litigation was voluntarily dismissed by Court order, and the Fuller Litigation was dismissed by notice of dismissal, as required by the two-dismissal rule. The Court notes AMB's argument that it has not violated the two-dismissal rule because the relators in each case were different. However, the Court finds that the two-dismissal rule focuses on the claims brought in each litigation, and the second dismissal acts as an adjudication on the merits of such claims. *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir. 1999) (stating "a voluntary dismissal of a second action operates as a dismissal on the merits if the plaintiff has previously dismissed an action involving the same claims"). In this case, the voluntary dismissal of the Fuller Litigation operated as an adjudication on the merits. Therefore, the Court finds that the identical claims in this case present in the AMB Litigation and the Fuller Litigation must be dismissed.

Accordingly,

**IT IS ORDERED**:

1. That Defendants' Motion to Dismiss (Doc. 31) is **granted**; and

2. That Plaintiffs' Motion for Ruling (Doc. 41) is **denied as moot**.

3. That the Clerk of Court shall **terminate** this action and enter judgment accordingly.

Dated this 6th day of February, 2019.

Honorable Steven P. Logan
United States District Judge