**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Medical Billing Incorporated, | No. CV-17-04742-PHX-SPL |
| Plaintiff, | **ORDER** |
| vs. | |
| FSIX LLC, et al., | |
| Defendants. | |

Before the Court are Defendants' Motion for Contempt Sanctions (Doc. 50) and Defendants' Motion for Appeal Bond (Doc. 51). The Plaintiff did not respond to either of the motions, and oral argument was not requested. The Court's rulings are as follows.

**A. Motion for Contempt Sanctions**

On January 22, 2019, the Court issued an Order (Doc. 42) awarding the Defendants attorneys' fees and costs in the amount of $8,622.00. (Doc. 42 at 4) The Defendants argue that the Plaintiff has not complied with the Court's Order to pay the Defendants' attorneys' fees and costs. (Doc. 50 at 2) The Defendants filed the Motion for Contempt Sanctions (Doc. 50) seeking (i) to hold the Plaintiff in contempt of Court, (ii) contempt sanctions imposed against the Plaintiff in the amount of $500.00 per day of noncompliance with the Court's Order, and (iii) an order from the Court requiring the Plaintiff to pay the previously ordered costs and attorneys' fees.

Civil contempt sanctions are employed to coerce a party into compliance with a court's order and to compensate the opposing party for losses sustained. *Whittaker Corp.*

*v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1481 (9th Cir. 1992) (stating civil contempt sanctions are used to coerce the contemnor to comply with the court's orders in the future, and the sanction is conditioned upon continued noncompliance).

At this time, the Court finds that sanctions are appropriate to reward the Defendants for the harm caused by the Plaintiff's non-compliance with the Court's Order and to coerce the Plaintiff into compliance; however, the Court finds that the $500.00 per day sanction requested by the Defendants is excessive in this case. Approximately 230 days have passed since the date of the Court's Order awarding attorneys' fees, which means that the proposed sanction for the Plaintiff would total approximately $115,000.00. Instead, the Court finds it more appropriate to impose a sanction of $20.00 per day, retroactively imposed from the date of the Court's Order on January 22, 2019. The sanction shall be imposed until the Plaintiff pays the attorneys' fees and costs set forth by the Court's Order (Doc. 42) to the Defendants, plus the additional costs of the sanction. Accordingly, the Motion for Contempt Sanctions will be granted in part.

### B. Motion for Appeal Bond

On February 6, 2019, the Court issued an Order granting the Defendants' motion to dismiss and terminating this case. (Doc. 46) On March 5, 2019, the Plaintiff appealed the Court's Order dismissing the case. (Doc. 49) The Defendants filed the Motion for Appeal Bond, seeking an order from the Court requiring the Plaintiff to post an appeal bond in an amount of $25,000.00. (Doc. 51) On April 26, 2019, the United States Court of Appeals for the Ninth Circuit dismissed the Plaintiff's appeal. (Doc. 53) The Ninth Circuit's mandate stated that the appeal was voluntarily dismissed by the parties. (Doc. 53 at 1) Therefore, the Defendants' Motion for Appeal Bond will be denied as moot.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Contempt Sanctions (Doc. 50) is **granted in part**;

**IT IS FURTHER ORDERED** that Plaintiff Arizona Medical Billing Incorporated is found to be in contempt of violating the Court's Order (Doc. 42);

**IT IS FURTHER ORDERED** that the Plaintiff shall comply with the Court's Order (Doc. 42), and Defendants FSIX LLC, Cindy Funk, and Todd Funk collectively are awarded attorneys' fees and costs incurred by their defense against Plaintiff's claims in the requested amount of $ 8,622.00;

**IT IS FURTHER ORDERED** that Plaintiff Arizona Medical Billing Incorporated is also ordered to pay $20.00 per day, starting from January 22, 2019, to Defendants FSIX LLC, Cindy Funk, and Todd Funk collectively as a sanction for noncompliance with the Court's Order (Doc. 42); and

**IT IS FURTHER ORDERED** that the Defendants' Motion for Appeal Bond (Doc. 51) is **denied as moot**.

Dated this 9th day of September, 2019.

Honorable Steven P. Logan
United States District Judge